GOTTESFELD v. WEINSTEIN.

(Supreme Court, Appellate Term. June 29, 1911.)

LANDLORD AND TENANT (§ 94*)—TERMINATION OF LEASE—DAMAGES.

A lease provided that it should be subject to any judgment in a certain action, but that, if the landlord terminated the lease prior to May 1, 1911, as he was authorized to do by giving 30 days' notice prior to the 1st day of any month, he would pay the tenant $750. An interlocutory judgment in the action provided for a sale of the premises subject to all existing leases; but, notwithstanding this, the landlord on the 1st of the month succeeding the sale and prior to May 1, 1911, demanded possession, because the new owner had demanded possession of him. *Held,* that such demand had no relation to the judgment under which the premises were sold, and that the tenant was entitled to recover for the termination of the lease.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 94.*]

Appeal from City Court of New York, Trial Term.

Action by Joe Gottesfeld against Morris Weinstein. From a City Court judgment in favor of defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Greenbaum & Rifkind (Albert J. Rifkind, of counsel), for appellant.

Eisman, Levy, Corn & Lewine (Joseph J. Corn and Lee H. Berliner, of counsel), for respondent.

BIJUR, J. Plaintiff, a tenant, sues defendant, his landlord, for $750 alleged to be due him under a term of his lease, which provided that if the landlord should terminate the lease prior to May 1, 1911, as permitted to him, by giving a 30-day notice prior to the 1st day of any month, he would pay the tenant $750. The other pertinent provision of the lease is contained in a clause reading as follows:

The landlord has let and the tenant has hired the premises "subject to the action now pending of Shrady et al. v. Appley et al., and any judgment which may be entered therein and to the execution thereof."

It developed that this action was a partition suit, and that a judgment was entered therein providing for the sale of the premises, and that the plaintiff, tenant, read a notice posted on the premises to the effect that there would be a sale thereof. The interlocutory judgment introduced in evidence, however, provides:

"That the lands and premises shall be sold subject to all existing leases and tenancies. * * * "

Subsequently the landlord notified the tenant that, as possession of the premises had been demanded of the landlord by the new owner, he demanded possession from the tenant on the 1st of the following month. There was no reference in this notice to the suit of Shrady et al. v. Appley et al. There is nothing ambiguous or vague about the notice. It is a notice of the termination of a lease, given pursuant to its terms by the defendant to the plaintiff, and the reason

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

given by the landlord, namely, that the new owner demanded possession of him, has, neither in form nor in fact, any relation to the action of Shrady v. Appley, nor to the judgment therein.

There is not only no evidence in the case that the lease was terminated or in any way vacated by that suit or the judgment therein, but, on the contrary, from the interlocutory decree it would appear that neither the pendency nor the termination of that action could vacate the lease. It was evident, therefore, that pursuant to the terms of the lease the defendant terminated it, and the plaintiff was entitled to the $750 therein provided.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.